**FILED**

**JUN 19 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Edgar Boeck, # 94970-080 §
    Plaintiff, FCC-Beaumont Low §
    POB 26020 §
v §
    Beaumont, TX 77720 §
U.S. Department of Justice; Alberto §
Gonzales, U.S. Attorney General; Bureau §
of Prisons; Harley Lappin, Director of §
Bureau of Prisons; Richard Mancha, DHO; §
Leandro Davila, Jr. Discipline Committee §
chairperson, §
    **Defendants** §

Case: 1:07-cv-01096
Assigned To : Robertson, James
Assign. Date : 6/19/2007
Description: Admn. Agency Review

*Complaint*

## JURISDICTION

    1. This is an action brought pursuant to the administrative procedures Act, 5 USC §701 et-Seq and **Bivens v Six Unknown Federal Narcotics Agents**, 403 US 388(1971); 28 USC §1331(a), the general federal question statute; 28 USC §§2201 and 2202 for declaratory and injunctive relief; The first, Fifth and Eight Amendments to the United States Constitution. The Jurisdiction of this court is proper under D.C. code §13-422, which provides:

> A DISTRICT OF COLUMBIA COURT MAY EXERCISE PERSONAL JURISDICTION OVER A PERSON DOMICILED IN, ORGANIZED UNDER THE LAWS OF, OR MAINTAINING HIS/HER PRINCIPAL PLACE OF BUSINESS IN, THE DISTRICT OF COLUMBIA AS TO ANY CLAIM FOR RELIEF, **SEE, ALSO** D.C. Code §16-1901

    2. Defendants U.S. Department of Justice; Alberto Gonzales; Bureau of Prisons; and Harley Lappin are responsible for the promulgation and implementation of policies, procedures and practices. In the institutions of the Bureau of Prisons, including the policy, procedure and practice of implementing drug testing procedures for federal prisoners. These defendants are 1) The proper custodians over plaintiff for the purpose of this cause; 2) Have their principal place of business in the District of Columbia; 3) Developed and promulgated the challenged policies in the district of Columbia and; 4) This court has personal jurisdiction over the defendants.

**RECEIVED**

**MAY 29 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1

## NATURE OF ACTION

3. This action brought by plaintiff Boeck who, under color of law, was subjected to unconstitutional drug urinalysis testing policies that provide no alternative means of additional testing for palse positive readings for prisoners[ who in the course of their halfway house assignments and/or supervised release terms] unknowingly and unwittingly eat food items which cause false positive readings for opiates; despite the fact there is readily available, cheap simple testing procedures for discerning these false positive readings. These policies, procedures and promulgations and implementations by the defendants are arbitrary, capricious and unconstitutional.

## CLASS ACTION ALLEGATIONS

4. Plaintiff brings this action as a class action pursuant to rule 23(b)(2) and rule 23(b)(3) of the federal rules of civil procedure.

5. The class consists of all federal prisoners who were/are detained by the defendant U.S. Department of Justice and Bureau of Prisons and were/are subjected to loss of good conduct time and/or RDAP one year sentence reduction and/or haldway house placement time.

6. The class is so numerous that joinder of all persons is impracticable.

7. Plaintiff will fairly and aggressively pursue the interests of the entire class. Plaintiff's interests in obtaining injunctive relief and monetary damages for the violations of constitutional rights and privileges are consistent with and not antagonistic to those of any person within the class.

8. The common questions of law and fact include:

   (i) Whether defendants have/had a policy and practice of drug testing which fails to protect innocent persons

   (ii) Whether the supervisory defendants had knowledge of the conduct alleged herein.

   (iii) Whether the conduct alleged herein is in violation of the

>> First, Fifth, Eighth Amendment to the U.S. Constitution and administrative procedures act, 5USC 706(a)(2).
>
> (iv) Whether plaintiff and members of plaintiff's class are entitled to an award of compensatory, punitive and/or declaratory and injunctive relief.

9. The wrongful conduct alleged herein has been conducted generally upon all members of the plaintiff class in that drug analysis testing was conducted pursuant a long established plan, policy or procedure of the U.S. Department of Justice; Bureau of Prisons and it's subordinates.

10. The common questions of fact and law predominate over questions affecting only individual class members.

11. A class action is superior to other available methods for the fair and effecient adjudication of the controversy in that:

> (i) A multiplicity of suits with consequent burden on the courts and defendants should be avoided.
>
> (ii) It would be virtually impossible for all class members to intervene as parties-plaintiffs in this action.
>
> (iii) Upon adjudication of defendants' liability claims of the class members can be determined by this court.

12. The national importance of the issues involved makes this court the ideal forum for disposition.

### FACTS RELEVANT TO PLAINTIFF BOECK

13. On February 20, 2006 plaintiff Boeck submitted a urine sample, to his halfway house officials.

14. On February 27, 2006 case-worker Gonzalez was notified that plaintiff Boeck's urine tested positive for opiates.

15. On March 6, 2006 the center discipline committee found plaintiff guilty of testing positive for opiates and referred him to DHO.

16. On April 11, 2006 plaintiff appeared before DHO and argued that he did not use any drugs and that his research found that the resturant that his co-worker purchased at Bill Millers Bar-B-Que contained poppy seeds. Plaintiff was found guilty and sanctioned, good-time taken and returned to prison.

**17.** Plaintiff Boeck upon being placed in adiscosa county jail filed the necessary paperwork to have a polygraph test taken. The BOP refused to all said polygraph to take place.

**18.** Plaintiff Boeck by and through an attorney petitioned the BOP to test the urine for a false positive, but the BOP refused and ignored all requests.

**19.** On April 26,2006 plaintiff Boeck filed his BP-10 grievance which was denied on August 24,2006 and given to him on September,26,2006.

**20.** On September 29,2006 plaintiff Boeck filed his BP-11 grievance, including a signed statement by officer giving him his BP-10 on September 26,2006.

**21.** On December 1,2006 the central BOP office rejected plaintiff's appeal as untimely.

**22.** Plaintiff Boeck has completely exhausted all his available remedies.

### THE PARTIES

**23.** Plaintiff Edgar Boeck is an inmate in the custody of the Bureau of Prisons at P.O.Box 26020, Beaumont, Texas 77720-6020.

**24.** The class of prisoners, former prisoners include those who are now or once were in custody of the defendants, either in the BOP, halfway house or on supervised release.

**25.** Defendants are as follows:

(a) The U.S. Department of justice ("DOJ") is an agency of the United States and as such is responsible for the policies, procedures and practices implemented through its various agencies and agents and for injury occasioned thereby.

(b) Defendant Alberto Gonzales is a member of the DOJ, his duties as defined by law, include the appointment and oversight of Director of Bureau of Prisons, including oversight of the policies, procedures and practices described herein, his duties also include promulgation of policies for persons on supervised release.

4

(c) Defendant Bureau of Prisons ("BOP") is an agency of the United States and is responsible for instituting and implementing BOP policies, procedures and practices.

(d) Defendant Harley Lappin is the Director of the BOP and is responsible for the promulgation and implementation of BOP policies, procedures and practice concerning the drug testing of BOP prisoners in prison and/or in halfway houses.

(e) Defendant Richard Mancha is a disciplinary hearing officer (DHO), who instituted and implemented BOP policy with no concerns for evidence or innocence.

(f) Defendant Leandro Davila, Jr. is a discipline committee chairperson who instituted and implemented BOP policy with no concerns for actual innocence or ways to discern innocence.

26. These defendants are sued in their official and individual capacities.

**ALLEGATIONS OF WRONGFUL CONDUCT**

27. For many years prior to and continuing at the time of filing of this complaint defendants have either created, authorized, maintained permitted and enforced a policy or procedure which allows the BOP and/or DOJ to take good conduct time from and/or persons on supervised release, without using the least restrictive means and without a genuine penological interest.

28. The defendants promulgation, implementation and enforcement of a drug testing policy that allows the taking of good conduct time, one year RDAP sentence reduction and halfway house time from innocent persons, who unknowingly and unwittingly digest food(s) that cause false positive readings is unconstitutional and in violation of the APA.

29. The defendants failure to promulgate, implement policy and procedure to detect false positive readings, even though the government has readily available testing procedures. See, WWW.pubmed.gov/PMIA:9288591, is unconstitutional and in violation of the APA.

5

30. Each defendant has failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts.

### WRONGFUL ACTS

Paragraphs 1-30 are incorporated herein:

31. The drug testing policies, practices and acts of defendants violated the rights of the plaintiff and members of the class under First, Fourth, Fifth and Eighth Amendments to the U.S. Constitution, and APA, as follows:

    a) The drug testing policy, procedures were conducted without due process of law.

    b) The drug testing policy, procedures were conducted without due process constituting cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

    c) The drug testing policy, procedures were conducted in a manner that violates class members rights to freedom of association, privacy and due process as guaranteed by the First, Fourth and Fifth Amendments to the U.S. Constitution.

    d) The defendant's arbitrary and capricious manner of promulgating and/or implementing policy and procedure which allows innocent people to be punished in violation of Eighth Amendment and violates 5 USC §706(2)(a).

    e) Defendants Mancha and Davila, Jr. aided and abetted the defendants above to violate the rights and privileges and immunities of plaintiff and members of the class as alleged in paragraph above by providing substantial assistance to such other defendants in carrying out the policies procedures and practices of subjecting plaintiff and members of the class to unconstitutional drug testing procedures, policies without substantiating innocence claims and/or false positive readings nor using the least restrictive means to ensure drug users will be caught nor with any legitimate penological interest justifying the imprisonment and/or deducting of good conduct time from innocent individuals under the control of said defendants.

32. Unless immediately, preliminarily and permanently enjoined from continuing to imprison innocent individuals and/or deducting good conduct time from innocent individuals, defendants will continue to engage in the willful, wanton arbitrary and capricious, deliberate violation of their constitutional rights, each of which constitutes irreparable injury for which plaintiffs have no adequate remedy at law.

**WHEREFORE** plaintiffs pray that this court enter an order:

1. Finding that this action should proceed as a class action under rule 23, FRCVP;

2. Preliminarily and permanently restraining, enjoining and prohibiting defendants from undertaking, enforcing, maintaining or adopting any policies, procedures, practices or acts which subject an innocent person to lose good conduct time; Their one year RDAP sentence reduction: Their halfway house or their freedom.

3. Preliminarily and permanently restraining, enjoining and prohibing defendants from undertaking, enforcing, maintaining or adopting any policies, procedures, practices or acts that do not include additional testing for false positive readings on the drug tests.

4. Preliminarily and permanently require the defendants to promulgate and/or implement policy, procedure, practices or acts that drug testing procedures that do not test positive when testing a prisoner and/or individual in custody of DOJ, who has eaten legal poppy seeds contained in food in numerous eateries throughout the United States.

5. Awarding damages to the plaintiff and each member of the class against defendants jointly and severally in the amount of $400,000 as actual damages for emotional and psychological distress; Severe mental anguish; loss of good time; loss of one year sentence reduction (RDAP); loss of half-way house and/or loss of freedom.

6. Awarding plaintiff and class their costs of suit and their attorney's fees.

7. Appoint counsel pursuant local civil rule 83.11.

8. A jury trial on all issues triable by jury.

9. That the court enter such other and further relief as it deems just and proper.

Respectfully Submitted,

/s/ Edgar Boeck

Edgar A. Boeck
Reg. #94970-080
P.O. Box 26020/FCC-Beaumont Low
Beaumont, Texas 77720-6020

Dated: May 16, 2007.

8